FILED
U.S. DISTRICT COURT
                    DIV.
2012 MAY -3 PM 2: 00
CLERK_____
    SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

RAYMOND W. BROWN,

        Plaintiff,

vs.

LUKE COLEMAN and
BRADFORD GARNER,

        Defendants.

CIVIL ACTION NO.: CV212-070

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis*. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff contends that Defendants Bradford Garner and Luke Coleman lacked probable cause to take him from his home, as he was never convicted of a crime. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be

AO 72A
(Rev. 8/82)

a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted).

Plaintiff fails to show that he suffered a constitutional deprivation based on Defendants' actions. Additionally, the undersigned cannot ascertain whether the named Defendants were state actors.

Plaintiff also states that Defendants' actions violated the ex post facto clause. "The Ex Post Facto Clause prohibits four distinct categories of legislative action: laws that (1) make innocent conduct criminal, (2) aggravate[ ] a crime, or make[ ] it greater than it was, when committed; (3) change[ ] the punishment, and inflict[ ] a greater punishment, and (4) alter[ ] the legal rules of evidence . . . in order to convict the offender." Magwood v. Warden, Ala. Dep't of Corr., 664 F.3d 1340, 1348 (11th Cir. 2011) (alterations in original) (internal punctuation and citation omitted). Plaintiff fails to show that the ex post facto clause has been implicated in any way.

Plaintiff's request to proceed in forma pauperis is **DENIED**. Plaintiff's Complaint should be **DISMISSED** based on his failure to state a claim on which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this _5_ day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)